UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-01029-JLK-MJW**

**JASON ANTHONY GRABER,**
        Plaintiff,
v.

**CITY AND COUNTY OF DENVER, a municipality;**
**OFFICER SHAWN MILLER, in his official and individual capacity;**
**UNKNOWN DENVER POLICE DEPARTMENT OFFICERS 1-2, in their official**
**and individual capacities;**
        Defendants.

---

ORDER

---

Kane, J.,

        This matter is currently before me on Defendants' Motion to Strike (doc. 61).  Defendant

seeks to strike five exhibits attached to Plaintiff's Response (doc. 47) to Defendants' Motion for

Summary Judgment (doc. 42).  Specifically, Defendants move to strike exhibits 10, 11, 12, 13

and 15.  For the reasons stated below, Defendants' Motion to Strike is DENIED.

        As Defendants properly note, in opposition to Defendants' Motion for Summary

Judgment, Plaintiff may only rely upon evidence that would be admissible at trial to create a

genuine issue of material fact.  Fed. R. Civ. P. 56(c)(2); *Johnson v. Weld County*, 594 F.3d 1202,

1210 (10th Cir. 2010).  If, as Defendants argue, the statements contained in the above-cited

exhibits are inadmissible hearsay, they may not be considered under Rule 56.

        Defendants' attempt to strike these exhibits is, however, unnecessary and improper.

Pursuant to Rule 56(c)(2), Defendants may "object that the material cited to support or dispute a

fact cannot be presented in a form that would be admissible for evidence."  Fed. R. Civ. P.

56(c)(2) (emphasis added).  The ability to object makes it unnecessary to make a separate motion

to strike.  The committee notes discussing the 2010 Amendments to the rule provide clear

guidance on this point:

> The objection functions much as an objection at trial, adjusted for the pretrial
>
> setting.  The burden is on the proponent to show that the material is admissible as
>
> presented or to explain the admissible form that is anticipated.  There is no need
>
> to file a separate motion to strike.

Fed. R. Civ. P. 56, committee notes on 2010 Amendments.

Accordingly, Defendants' Motion to Strike (doc. 61) is DENIED.  I will construe the

arguments raised therein as objections to the admissibility of Plaintiff's Exhibits 10, 11, 12, 13,

and 15.  Plaintiffs shall file a response to Defendants' objections no later than January 19, 2011.


 Dated:  January 4, 2011                                    BY THE COURT:

                                                            **/s/ John L. Kane**
                                                            SENIOR U.S. DISTRICT JUDGE