UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-01029-JLK-MJW**

**JASON ANTHONY GRABER,**
        Plaintiff,

v.

**CITY AND COUNTY OF DENVER, a municipality;**
**OFFICER SHAWN MILLER, in his official and individual capacities;**
        Defendants.

---

# ORDER

---

Plaintiff Jason Anthony Graber has filed three claims arising from an altercation that

occurred between him and Defendant police officers on March 22-23, 2008.[1]  In his first claim,

Plaintiff alleges Defendants violated his rights under the Fourth Amendment of the United States

Constitution by using excessive force in seizing him and placing him in custody.  In his second

claim, Plaintiff alleges that Defendants violated the Fourth Amendment by seizing him without

probable cause or reasonable suspicion.  In his third and final claim, Plaintiff alleges that

Defendants violated the First Amendment by placing him in custody in retaliation for his

---

[1]  In addition to the parties named in the caption above, Plaintiff also named as defendants
Officer Tab Davis, in his individual and official capacities, and two unknown officers.  The two
unknown officers and Officer Tab Davis have been dismissed from this lawsuit.  *See* Order
Granting Mot. Summ. J. (doc. 65) at p. 17 (dismissing the two unknown officers for failure to
prosecute); Notice of Stipulation for Dismissal of Defendant Tab Davis with Prejudice (doc. 29).

utterance of constitutionally protected speech relating to objectionable police conduct.[2]

Defendant City and County of Denver filed, and I granted, a Motion for Summary Judgment on the municipal liability portion of all three claims.  During the March 22, 2011 pretrial conference, however, Plaintiff produced documents his attorney had received in response to a request for production in a different case filed against Defendant Officer Miller.  Although Plaintiff made an identical request for production in this case, Defendant City and County of Denver did not provide the documents that it had provided in the other case.  In light of this irregularity, Plaintiff requested, and I granted, permission to file a motion to reconsider summary judgment.  I also reopened discovery to allow Plaintiff the opportunity to gather information regarding the pending motion.

In conducting discovery, Plaintiff has sent Defendants interrogatories for documents relating to statistical studies about the use of force among the Denver Police Department officers and for reports relating to personnel reviews and use of force documents for each of the officers in the Denver Police Department.  Defendant Shawn Miller responded to Plaintiff's requests in his individual capacity, stating that he could not provide the documents or answer the interrogatories and on May 5, 2011, filed a Motion for Protective Order (doc. 73).  On the same date, Plaintiff filed a Motion to Compel (doc. 74).  Based on the forthcoming discussion, Defendant's Motion for Protective Order is DENIED and Plaintiff's Motion to Compel against the Defendant City and County of Denver is GRANTED.

---

[2] For a detailed recitation of the factual background of this case, see my Order granting Defendants' Motion for Summary Judgment (doc. 65).

## ANALYSIS

As a threshold matter, it is necessary to address the status of the City and County of Denver and Officer Miller, in his official capacity. These parties were terminated from this lawsuit as a result of my order granting their motion for summary judgment, but they remain subject to the court's jurisdiction. They argue that because they are no longer parties, they need not respond to Plaintiff's discovery requests. When I granted Plaintiff permission to file a motion to reconsider summary judgment, however, these parties were placed in limbo. As a result, the City and County of Denver and Officer Miller, in his official capacity, are parties for the purposes of resolving Plaintiff's pending motion and all related proceedings. In the interest of clarity, and to avoid any further disputes as to who is and who is not a party to this lawsuit, however, I VACATE my Order Granting Partial Summary Judgment on Plaintiff's municipal liability claims. All discovery is re-opened, and there is no deadline for the completion of discovery.

Defendant[3] next argues that "Plaintiff's pretext for opening discovery is not valid." Def.'s Mot. For Prot. Ord. ¶ 5. This objection has already been noted and rejected.[4] Order Granting

---

[3] The somewhat confusing usage of the terms "Defendant" and "Defendants" is a result of the refusal of the City and County of Denver and Officer Miller, in his official capacity, to acknowledge their involvement in these proceedings. When referring to arguments raised solely by Officer Miller, in his individual capacity, I refer to him as "Defendant." When referring to the City and County of Denver and Officer Miller, in his official capacity, I refer to them as "Defendants."

[4] During the pretrial conference, Plaintiff introduced new evidence provided by the City and County of Denver in a different case against Defendant Miller; I cannot allow newly discovered evidence to be ignored. As an initial matter, it is likely that this evidence will lead to additional relevant evidence. Furthermore, the re-opening of discovery does not prejudice Defendants, as many of the documents being requested have been provided in the James Moore case, another case filed against Defendant Miller alleging excessive force. Standing alone, these findings

Mot. To Mod. Sched. Order (doc 69).  I will not deny Plaintiff discovery.  Had Defendants fully

complied with their discovery obligations earlier in this case, Plaintiff would not have had

grounds to file a motion for reconsideration of my order granting summary judgment and

discovery would not have been re-opened.  To be blunt, Defendants have made their bed, now

they must lie in it.  I now turn to the proper scope of discovery.

The Federal Rules of Civil Procedure provide for broad discovery, "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .

." Fed. R. Civ. P. 26(b)(1).  In this case, discovery was reopened after I granted Plaintiff

permission to file a motion for reconsideration of my earlier order granting Defendants City and

County of Denver and Officer Miller, in his official capacity, summary judgment.  Thus, that

pending motion provides the framework for assessing the scope of discovery and the propriety of

Plaintiff's discovery requests.  Transcript of Record at 4, 8-9, 10, 15, and 17, *Graber v. Miller*,

Civ. Act. No. 09-cv-01029-JLK (D. Colo. March 22, 2011).

The issues Plaintiff will need to prove if he is to prevail on his motion for reconsideration

frame the scope of discovery.  Specifically, Plaintiff will need to establish the existence of a

genuine issue of material facts as to the issue of municipal liability.  In order to establish

municipal liability under §1983, Plaintiff must adequately allege and prove:

> (1) The existence of a continuing, persistent, and widespread practice of
> unconstitutional misconduct by the municipality's employees.
> (2) Deliberate indifference to or tacit approval of such misconduct by the

---

justify the re-opening of discovery.  *See SIL-FLO, Inc. V. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th
Cir. 1990) (listing factors relevant to deciding whether discovery should be re-opened).  As an
additional matter, I am also concerned that the integrity of the process has been compromised.
These factors, articulated in my earlier ruling, adequately support my decision to re-open
discovery and Defendant has provided no argument to persuade me otherwise.

municipality's policymaking officials after notice to the officials of that
particular misconduct; and

(3) That [Plaintiff] was injured by virtue of the unconstitutional acts pursuant to
the municipality's custom and that custom was the moving force behind the
unconstitutional acts.

*Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993).  Therefore, to the

extent Plaintiff's requests are relevant to proving these elements, they are permissible, and I

examine Plaintiff's discovery requests through that lens.  I begin by considering the relevance of

Plaintiff's discovery requests to Plaintiff's burden of establishing a continuing, persistent, and

widespread practice ("custom") of unconstitutional misconduct.

A pattern of misconduct is considered custom when the practice is so well-settled that it

carries the force of the law.  *Brammer-Hoelter v. Twin Peaks Acad.*, 602 F.3d 1175, 1189 (10th

Cir. 2010) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).  For Plaintiff to

establish the existence of a custom, he can present evidence showing that the City and County of

Denver has violated the constitutional rights of others under similar circumstances.  *See Carney*

*v. City and County of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008); *Watson v. Kansas City*, 547

F.2d 690, 695 (10th Cir. 1988).  This evidence ordinarily takes two forms: affidavits of similarly

situated third parties and statistical evidence.

Many of the Interrogatories and Requests for Production purported by Plaintiff are

specifically tailored to adduce statistical evidence relevant to whether or not the City and County

of Denver had a custom of unconstitutional misconduct.  These Interrogatories and Requests for

Production ask for statistical studies and comparative data regarding use of force by officers of

the Denver Police Department.  Plaintiff also requests documents relating to Defendant Miller's

performance reviews and the CUFFS II reports for Defendant Miller and all Denver Police

5

Officers regarding use of force.[5] These requests "are reasonably calculated to lead to the discovery of admissible evidence, " Fed. R. Civ. P. 26(b)(1), namely, information providing the basis for statistical analysis relevant to the alleged existence of continuing use of excessive force by the City and County of Denver police officers. Plaintiff's Interrogatory number 19 and Request for Production number 14 are relevant to this element, and they are within the scope of permissible discovery.

Furthermore, to prevail on his motion for reconsideration Plaintiff must also demonstrate that there is a genuine issue of material fact concerning whether the City and County of Denver's policymaking officials had notice of the alleged widespread practice and acted with deliberate indifference, or tacit approval, towards the previously alleged violations. *Gates*, 996 F.2d at 1041. The remainder of Plaintiff's Interrogatories and Requests for Production ask for documents and information regarding statistical studies and comparative data relevant to the discipline or failure to discipline Denver Police Department Police Officers; Office of Independent Monitor documents relating to Defendant Miller; and all documents concerning discipline or lack of discipline for all officers in the Denver Police Department. Plaintiff's Interrogatory number 20 and Requests for Production numbered 15 and 16 are relevant to this element, and they are within the scope of permissible discovery. These requests are directly related to establishing notice and deliberate indifference. Having determined the scope of discovery, I now turn my attention to the parties' motions, beginning first with the Defendant's Motion for Protective Order.

---

[5]CUFFS II is an internal program used by City and County of Denver to document complaints and other issues regarding Denver Police Department officers.

*Motion for Protective Order*

Defendant Miller, in his individual capacity, seeks a protective order stipulating that he need not respond to Plaintiff's second and third sets of discovery requests.  In establishing a basis for the requested protective order, Defendant Miller must show good cause for the order to be granted, which can include "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).  Defendant argues that Plaintiff's discovery requests are unduly burdensome and that the interrogatories are overly broad.  He also argues that the documents will not lead to admissible evidence.

As described above, Plaintiff's discovery requests are not unduly burdensome, over broad or ambiguous; they are tailored to acquire information relevant to specific elements of Plaintiff's municipal liability claims – elements essential to Plaintiff's motion for reconsideration of my order granting Defendants' summary judgment.  Specifically, the requests are relevant to the argument that the City and County of Denver had a policy or custom that resulted in the Plaintiff's constitutional rights being violated and that the City had notice of that policy or custom and acted with deliberate indifference towards previously alleged violations. Accordingly,  Defendant Miller's Motion for Protective Order is DENIED without prejudice. Defendants may file a new motion that identifies specifically the items of discovery to be deemed confidential.  A generic reservation will not suffice.

*Motion to Compel*

Plaintiff's Motion to Compel presents the opposite side of a very similar coin.  Plaintiff seeks to compel Defendants, including the City and County of Denver and Officer Miller, in his official capacity, to respond to his second set of discovery requests.  Plaintiff has conferred with

Defendants in good faith to avoid requiring judicial intervention to resolve the issue, but to no avail.  Plaintiff has shown that Defendants have failed to comply with interrogatories and requests for production that are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Accordingly, Plaintiff's Motion to Compel is GRANTED. The City and County of Denver and Officer Miller, in his individual and official capacities, must respond to Plaintiff's second set of discovery requests.

**CONCLUSION**

Defendant Miller's Motion for Protective Order is DENIED and Plaintiff's Motion to Compel is GRANTED.  It is further ordered that my Order Granting Partial Summary Judgment (doc. 65) is VACATED.  Discovery is reopened in this case; the City and County of Denver and Officer Miller, in his official and individual capacities, must respond to the Plaintiff's requests. Further obstruction will not be tolerated.

Dated: July 27, 2011                                               BY THE COURT:

                                                                   **/s/ John L. Kane**
                                                                   SENIOR U.S. DISTRICT JUDGE