UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-01029-JLK-MJW**

**JASON ANTHONY GRABER,**
    Plaintiff,
v.

**CITY AND COUNTY OF DENVER, a municipality;**
**OFFICER SHAWN MILLER, in his official and individual capacity;**
**UNKNOWN DENVER POLICE DEPARTMENT OFFICERS 1-2, in their official and individual capacities;**
    Defendants.

---

ORDER

---

Kane, J.,

This matter is currently before me on Defendants' Motion to Reconsider Order and Motion for Forthwith Ruling (doc. 85). For the reasons stated below, the motion is DENIED.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). In fact, the grounds for a motion to reconsider are typically limited to: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate where the Court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could

have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Instead of addressing the relevant standards, Defendants merely rehash their argument that Plaintiff's discovery requests are unduly burdensome. As Defendants themselves note, I have already overruled this objection. The administrative burden described in the Declarations filed in support of Defendants' motion does not provide sufficient grounds for reconsideration of my earlier ruling. If anything, they reinforce the impression that the burden is due to Defendants' complete lack of a coherent data processing system for managing, tracking, and resolving complaints against its employees.

As Plaintiff notes, were I to reconsider my earlier order because of Defendants' ineptitude, I would be perversely rewarding Defendants for their poor filing system. Furthermore, instead of prodding Defendants to reform their data collection, storage, and retention policies, I would be providing an incentive to maintain a poor document management system as an excuse for resisting meaningful participation in discovery.

Defendants have failed to raise colorable arguments in support of their Motion for Reconsideration. Instead, they have used this motion as an attempt to re-litigate the propriety of Plaintiff's discovery requests. Defendants' resistance, in the face of unequivocal court orders, has unnecessarily delayed this case and squandered the time and resources of Plaintiff, his counsel, and the Court. Accordingly, Defendants shall be liable for the attorney fees and costs incurred by Plaintiff in filing and litigating his Motion to Compel Discovery (doc. 74) and in responding to Defendants' specious Motion for Reconsideration (doc. 85). *See* Fed. R. Civ. P.

37(a)(5).[1] Furthermore, Defendants shall have thirty (30) days to make substantial progress towards complying with their discovery obligations in this case. If they are not in substantial compliance with their obligations at that point, they will be liable for daily sanctions of $ 5,000 per day which will continue to accrue until they have satisfactorily fulfilled their responsibilities to Plaintiff and the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

Dated: September 6, 2011                                             BY THE COURT:

**/s/ John L. Kane**
SENIOR U.S. DISTRICT JUDGE

---

[1] The parties shall meet and confer in an attempt to reach an agreement as to the appropriate amount of Plaintiff's attorney fees and costs. If the parties are unable to agree, Plaintiff shall notify the Court and the matter will be set for a hearing.