UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-01029-JLK-MJW**

**JASON ANTHONY GRABER,**
        Plaintiff,
v.

**CITY AND COUNTY OF DENVER, a municipality;**
**OFFICER SHAWN MILLER, in his official and individual capacity;**
**UNKNOWN DENVER POLICE DEPARTMENT OFFICERS 1-2, in their official**
**and individual capacities;**
        Defendants.

---

## ORDER

---

Kane, J.,

For the past five months, Defendants have obdurately resisted complying with their discovery obligations in this case.  For much of this time, they ignored Plaintiff's discovery requests, choosing instead to argue that they were not parties to the suit.  On July 27, 2011, I unequivocally resolved that dispute, holding that they must respond to Plaintiff's discovery requests because they were still parties to this suit.  Instead of undertaking data collection and assimilation at that time, Defendants renewed their objections to Plaintiff's discovery requests.  Once again, I denied their argument that Plaintiff's requested discovery would be unduly burdensome and ordered them to make substantial compliance towards complying with their discovery obligations within thirty days.

The parties have now filed a Stipulated Motion for Stay (doc. 93), in which they seek a thirty-day stay of my earlier order denying Defendants' Motion for Reconsideration.  Specifically, the parties propose allowing Defendants an additional thirty days to comply with

their discovery obligations so that they can engage in settlement negotiations which would

obviate the need for further proceedings in this case.

Whether or not this case settles is not my primary concern.  Defendants have had ample

time to comply with the requirements of the Rules of Civil Procedure and/or engage in

meaningful settlement negotiations.  Instead, they have chosen to invest their time and effort in

meritless attempts to obstruct the discovery process.  I will not tolerate persistent evasions of

discovery obligations in this case.  The purpose of the courts is to provide a forum for the

orderly, just, and timely resolution of controversies and disputes.  Any further delay, even a

stipulated delay, is inconsistent with that purpose, and the parties' stipulated motion is DENIED.

Defendants now have twenty-four (24) days to make substantial progress towards

complying with their discovery obligations in this case.  If they are not in substantial

compliance with their obligations at that point, they will be liable for daily sanctions of $ 5,000

per day which will continue to accrue until they have satisfactorily fulfilled their responsibilities

to Plaintiff and the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).  Settlement

negotiations are not a basis for ignoring established processes.


Dated: September 12, 2011                    BY THE COURT:

                                             **/s/ John L. Kane**
                                             SENIOR U.S. DISTRICT JUDGE